1  PHILLIP A. TALBERT
   Acting United States Attorney
2  JAMES R. CONOLLY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,                    | CASE NO.  2:18-CR-164-MCE |
   |                          Plaintiff,          |                           |
12 |                  v.                          | STIPULATION REGARDING     |
   |                                              | EXCLUDABLE TIME PERIODS UNDER |
13 | LNU (aka FRANCISCO LOYA-SOLARZANO, aka       | SPEEDY TRIAL ACT; ORDER   |
   | "Uncle," aka "Pancho")                       |                           |
14 | ELIAS HERNANDEZ VALENCIA (aka "Pistola")     | DATE: July 15, 2021       |
   | FILIBERTO MADRIGAL (aka "Fily")              | TIME: 10:00 a.m.          |
15 | LUIS ARMANDO RIOS GARCIA (aka "Pee Wee")     | COURT: Hon. Morrison C. England, Jr. |
   | GEORGINA CARRILLO AYALA                      |                           |
16 | HECTOR GOMEZ-GARCIA                          |                           |
   | JOSE FRANCISCO BUENAVIDA (aka "Canas")       |                           |
17 | ENRIQUE BUENAVIDA                            |                           |
   | JOSE ANTONIO PANTOJA ESTRADA                 |                           |
18 | KELLY DUANE HUGHES                           |                           |
   | JERRY CURTIS FOSTER                          |                           |
19 | BART RICHARD HUGHES                          |                           |
   | JOSE MANUEL RODRIGUEZ (aka "Manny")          |                           |
20 | ROBERTO MERCADO-RANGEL,                      |                           |
21 |                                              |                           |
   |                     Defendants.              |                           |
22

23

24        This case was set for status conference on July 15, 2021.  The undersigned parties now request to

25 move the status conferences to October 7, 2021, and to exclude time under the Speedy Trial Act,

26 pursuant to the Court's General Orders, in the interest of public health and safety, and pursuant to Local

27 Code T4 as well, for the reasons set forth below.

28        On May 13, 2020, this Court issued General Order 618, suspending jury trials in the Eastern

                                        1
STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

District of California "until further notice."  Under this order, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

///

///

///

///

///

///

///

///

**STIPULATION**

1.     By this stipulation, the following defendants now move to continue the status conference in this matter to October 7, 2021, and to exclude time between July 15, 2021, and October 7, 2021, under Local Code T4, as well as under the Court's General Orders:

    a)     ELIAS HERNANDEZ VALENCIA (aka "Pistola")

    b)     FILIBERTO MADRIGAL (aka "Fily")

    c)     JOSE ANTONIO PANTOJA ESTRADA

    d)     JOSE MANUEL RODRIGUEZ (aka "Manny")

2.     These parties agree and stipulate, and request that the Court find the following:

    a)     The government has represented that the discovery associated with this case includes seven compact discs, containing over 400 pages of investigative reports, surveillance photographs, surveillance video, and T-III wiretap transcripts.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b)     Counsel for defendants desire additional time to continue to review discovery, conduct investigation, communicate with the government and their respective clients, discuss possible resolutions, and prepare for trial.  The continuance is necessary to ensure continuity of counsel and for defense preparation.

    c)     Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d)     The government does not object to the continuance.

    e)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    f)     As to both cases, for the purpose of computing time for these defendants under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 15, 2021 to October 7, 2021, inclusive, is deemed excludable pursuant to the Court's General Orders, in the interest of public health and safety, and 18 U.S.C.

1  § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the

2  Court at defendants' request on the basis of the Court's finding that the ends of justice served by

3  taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4       3.     Regarding defendant JOSE FRANCISCO BUENAVIDA (aka "Canas"), his counsel and

5  the government agree and stipulate, and ask that the Court find, that the defendant's whereabouts remain

6  unknown, despite the exercise of due diligence.  The parties ask that the Court find for the purposes of

7  computing time for this defendant under the Speedy Trial Act, within which trial must commence, the

8  time period of July 15, 2021 to October 7, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§

9  3161(h)(3)(A) & (B) [Local Code M].

10       4.     Defendants KELLY DUANE HUGHES, JERRY CURTIS FOSTER, and BART

11  RICHARD HUGHES have entered guilty pleas in this matter and been sentenced.  ROBERTO

12  MERCADO-RANGEL, LUIS ARMANDO RIOS GARCIA (aka "Pee Wee"), and GEORGINA

13  CARRILLO AYALA have entered guilty pleas in this matter and are awaiting sentencing.

14       5.     The defendants not mentioned in this stipulation have not yet appeared in this matter.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    6.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

2  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3  must commence.

4    **IT IS SO STIPULATED**.

5  Dated:  July 13, 2021                          PHILLIP A. TALBERT
                                                   Acting United States Attorney

6                                                  /s/ JAMES R. CONOLLY

7                                                  JAMES R. CONOLLY
                                                   Assistant States Attorney

8  Dated:  July 13, 2021                          /s/ HAYES GABLE III

9                                                  HAYES GABLE III
                                                   Counsel for Defendant
                                                   ELIAS HERNANDEZ VALENCIA

10  Dated:  July 13, 2021                         /s/ TONI WHITE

11                                                 TONI WHITE
                                                   Counsel for Defendant
12                                                 FILIBERTO MADRIGAL

13  Dated:  July 13, 2021                         /s/ OLAF HEDBERG

                                                   OLAF HEDBERG
                                                   Counsel for Defendant
14                                                 JOSE FRANCISCO BUENAVIDA

15  Dated:  July 13, 2021                         /s/ DINA SANTOS

                                                   DINA SANTOS
16                                                 Counsel for Defendant
                                                   JOSE PANTOJA ESTRADA

17  Dated:  July 13, 2021                         /s/ DAVID D. FISCHER

18                                                 DAVID D. FISCHER
                                                   Counsel for Defendant
                                                   JOSE RODRIGUEZ

19                                   **ORDER**

20    IT IS SO ORDERED.

21  Dated:  July 21, 2021

22

23  _____
    MORRISON C. ENGLAND, JR.
24  SENIOR UNITED STATES DISTRICT JUDGE

25

26

27

28